# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CASE NO. 8:24-cv-02454-CEH-SPF

**NIGEL LUCOMBE**, individually and
on behalf of all others similarly
situated,

       Plaintiff,

  v.

**RISE UP DEBT SOLUTIONS, LLC**,

       Defendant.

## DEFENDANT RISE UP DEBT SOLUTIONS, LLC'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Rise Up Debt Solutions, LLC ("Rise Up"), by and through its undersigned counsel, files this Answer and Counterclaim to Plaintiff Nigel Lucombe's ("Plaintiff") First Amended Complaint ("FAC") and states as follows:

## PRELIMINARY STATEMENT

1. Rise Up denies that telemarketing calls, including those allegedly made by Rise Up, are inherently intrusive or objectionable. Rise Up further denies that any calls made to Plaintiff interfered with his life, tied up his phone line, or caused confusion or disruption on phone records. Rise Up admits that Congress enacted the Telephone Consumer Protection Act of 1991 ("TCPA") but denies that Rise Up violated any provision of the TCPA. Rise Up further objects to Plaintiff's characterization of telemarketing calls as improper and denies any implication that Rise Up engaged in abusive practices.

2.     Rise Up admits that the TCPA includes provisions related to the National Do Not Call Registry but denies that Plaintiff is entitled to any relief under this statute. Rise Up specifically denies that it made multiple calls to Plaintiff in violation of the TCPA. Rise Up further asserts that Plaintiff provided prior express written consent to receive communications, including calls, from Rise Up. Rise Up objects to Plaintiff's reference to statutory penalties as misleading and irrelevant to the specific facts of this case, as no violation occurred.

3.     Rise Up denies Plaintiff's implication that the number of robocalls made in 2024 is relevant to the allegations in this case. Rise Up objects to Plaintiff's reliance on external reports and statistics as immaterial, speculative, and lacking foundation. Rise Up lacks knowledge or information sufficient to form a belief as to the accuracy of the statistics cited regarding robocall enforcement by the Federal Communications Commission and, therefore, denies the same. Rise Up further denies any inference that it engaged in conduct warranting penalties under the TCPA and asserts that all calls made to Plaintiff were lawful, consented to, and in compliance with applicable regulations.

### **<u>NATURE OF THE CLAIM</u>**

4.     Rise Up admits to Paragraph 4 to the extent it alleges that Plaintiff has filed a class action lawsuit against Rise Up. However, Rise Up denies the allegations in Paragraph 4 to the extent those allegations include any implication that Plaintiff's claims are valid or that class certification is appropriate in this case. Rise Up specifically denies that a putative class action is warranted.

5.     Rise Up denies the allegations in Paragraph 5. Rise Up denies that it engages in "unsolicited" phone calls to consumers, including those who have registered their telephone numbers on the National Do Not Call Registry. Rise Up asserts that all calls made to Plaintiff were placed with prior express written consent, as evidenced by Plaintiff's affirmative submission of a lead form on May 4, 2024, which expressly authorized contact. Rise Up further denies any implication that it engaged in unlawful telemarketing practices.

6.     Rise Up denies the allegations in Paragraph 6. Rise Up specifically denies that it engaged in any unlawful conduct or that Plaintiff, or any purported class members, suffered any legally cognizable harm. Rise Up objects to Plaintiff's characterization of its conduct as an "intrusion" and denies that Plaintiff or any alleged class members are entitled to injunctive relief, statutory damages, or any other legal or equitable remedies.

### PARTIES

7.     Rise Up is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 regarding Plaintiff's residency and status as a "natural person" and therefore denies the same. Rise Up further denies that Plaintiff is entitled to bring this action under the TCPA, as Plaintiff provided express written consent to receive calls from Rise Up and has failed to state a valid claim for relief.

8.     Rise Up admits that it is a California limited liability company with its principal place of business in Irvine, California.

9. Rise Up denies the allegations in Paragraph 9 to the extent they purport to include unidentified individuals, agents, employees, or third parties as part of this action. Rise Up objects to Plaintiff's blanket assertion that all such persons or entities are included under the name "Defendant" and denies any liability for the actions of any third parties. Rise Up asserts that it cannot be held liable for any alleged conduct that does not fall within the scope of its vicarious liability.

## JURISDICTION AND VENUE

10. Rise Up states that 28 U.S.C. § 1331 is a federal statute that speaks for itself. Rise Up further states that Paragraph 10 contains legal conclusions to which no response is required. To the extent Paragraph 10 is construed to contain factual allegations, Rise Up denies each and every one of them.

11. Rise Up states that determinations of personal jurisdiction and venue are legal conclusions to which no response is required. To the extent Paragraph 11 contains factual allegations, Rise Up denies that it engaged in any unauthorized marketing scheme directed at consumers in this District.

## FACTS

12. Paragraph 12 is a legal conclusion to which no response is required. To the extent a response is required, Rise Up denies the allegations in Paragraph 12. Rise Up specifically denies that it made any unsolicited phone call to Plaintiff's residential telephone number on or about May 10, 2024, at approximately 12:00 PM EST. Rise Up objects to this allegation as the alleged "First Telephone Solicitation" is a mischaracterization of events, as Plaintiff provided prior express

consent to receive such communications. Rise Up denies any wrongdoing under the TCPA.

13. Paragraph 13 is a legal conclusion to which no response is required. To the extent a response is required, Rise Up denies the allegations in Paragraph 13. Rise Up specifically denies that any representative of Rise Up made a "telephone solicitation" as defined by 47 C.F.R § 64.1200(f)(15). To the extent that Paragraph 13 implies any wrongdoing or violation of the TCPA, Rise Up denies each and every allegation therein.

14. Rise Up objects to Paragraph 14 on the basis that it is unintelligible. Rise Up further objects to the allegations in Paragraph 14 as they appear to call for speculation and lack a factual basis. Rise Up objects to any implication that the identity of any individual associated with Rise Up is relevant to the claims asserted. To the extent Paragraph 14 alleges any wrongdoing by Rise Up, such allegations are expressly denied.

15. Rise Up denies the allegations in Paragraph 15. Rise Up specifically denies that it made any unsolicited phone call to Plaintiff's residential telephone number on or about May 10, 2024, at approximately 1:04 PM EST. Rise Up objects to this allegation as the alleged "Second Telephone Solicitation" is a mischaracterization of events, as Plaintiff provided prior express consent to receive such communications. To the extent that Paragraph 15 implies any wrongdoing or unlawful conduct, Rise Up denies each and every allegation therein.

16. Rise Up is without sufficient knowledge or information to form a belief as

to the truth of the allegations contained in Paragraph 16.

17. Paragraph 12 is a legal conclusion to which no response is required. To the extent a response is required, Rise Up denies the allegations.

18. Rise Up is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 regarding Plaintiff's regular use of the telephone number at issue and therefore denies the same.

19. Rise Up is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same.

20. Rise Up is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21. Rise Up denies and objects to the allegations in Paragraph 21 as they are overly broad, vague, and misleading. Rise Up specifically denies that it maintains or has access to outbound transmission reports for all phone calls, including those made by third parties outside of its control. Rise Up further denies any implication that it is responsible for calls made by independent third parties. Additionally, Rise Up objects to the inclusion of "content of each message" as irrelevant and misleading, as this case concerns alleged telephone calls, not text messages. Rise Up denies any remaining allegations in Paragraph 21—including any implication that a class exists or that there are identifiable class members with valid claims against Rise Up.

22. Rise Up denies the allegations in Paragraph 22.

23. Rise Up denies the allegations in Paragraph 23. Rise Up specifically denies

that Plaintiff never signed or otherwise provided authorization permitting Rise Up to place phone calls to Plaintiff's telephone number. Rise Up asserts that Plaintiff voluntarily submitted an inquiry form on May 4, 2024, on *https://debtreliefwarehouse.com/* and provided consent to receive phone calls from Rise Up.

24. Paragraph 24 is a legal conclusion to which no response is required. To the extent a response is required, Rise Up denies the allegations in Paragraph 24 in their entirety. Rise Up specifically denies any unlawful conduct and denies that any calls allegedly made to Plaintiff resulted in an intrusion into Plaintiff's privacy or the privacy of any purported class members. Rise Up further denies the implication that a certifiable class exists. Additionally, Rise Up asserts that any alleged intrusion was invited by Plaintiff's voluntary provision of consent through an online lead submission.

## CLASS ALLEGATIONS

### PROPOSED CLASS

25. Paragraph 25 is a legal conclusion to which no response is required. To the extent a response is required, Rise Up admits that Plaintiff purports to bring this action as a class action pursuant to Fed. R. Civ. P. 23. However, Rise Up denies that class certification is appropriate or that Plaintiff can satisfy the requirements of Rule 23, including but not limited to numerosity, commonality, typicality, adequacy, predominance, or superiority. Rise Up denies that any valid class exists, that Plaintiff's claims are representative of any putative class, or that class-

wide adjudication is appropriate in this case. Rise Up further objects to the class definition as vague, overbroad, and improperly including individuals who may lack standing or a legitimate claim under the TCPA.

26. Paragraph 26 is a legal conclusion to which no response is required. To the extent a response is required, Rise Up admits that Plaintiff purports to reserve the right to modify the proposed class definition during discovery and at class certification. However, Rise Up objects to such an attempt as improper, prejudicial, and an indication that Plaintiff does not actually have a certifiable class as currently defined. Rise Up further denies that Plaintiff may redefine the class at a later stage to avoid dismissal or to manufacture a class where none exists. Rise Up objects to the class definition as vague, ambiguous, overbroad, and reliant on subjective and merits-based determinations that are inappropriate for class certification under Fed. R. Civ. P. 23. To the extent Plaintiff acknowledges that further discovery is required to even determine the contours of the proposed class, Rise Up asserts that this renders the class uncertifiable from the outset and necessitates its dismissal at the pleadings stage. Allowing Plaintiff to move forward under a vague or fluid definition would result in a lengthy and burdensome discovery process aimed at uncovering what Plaintiff's own class definition should have already clarified. Moreover, Rise Up denies that class certification is appropriate under Fed. R. Civ. P. 23, as individual issues regarding consent, standing, and liability predominate over any purported common questions. Rise Up further denies that a properly defined, ascertainable, or

8

certifiable class exists and denies that Plaintiff or any putative class members are entitled to relief.

27. Paragraph 27 is a legal conclusion to which no response is required. To the extent a response is required, Rise Up admits that Plaintiff purports to exclude Rise Up, its employees, and agents from the proposed class. However, Rise Up denies the existence of any ascertainable or certifiable class and denies that Plaintiff has provided any factual support for the speculative assertion that the proposed class includes "several thousands" of members. Rise Up further objects to the assertion that class-wide treatment is appropriate, as individual issues regarding consent, standing, and damages would predominate over any common questions of law or fact. Rise Up further denies that class certification is warranted under any circumstances.

**NUMEROSITY**

28. Paragraph 28 is a legal conclusion to which no response is required. To the extent a response is required, Rise Up denies the allegations in Paragraph 28, including but not limited to the assertion that it has placed "violative" phone calls to at least 50 persons. Rise Up further objects to the term "violative" as it presumes liability without any factual or legal basis. Rise Up denies that it made any calls in violation of the TCPA or any other law and denies that any alleged calls were unlawful, unsolicited, or improperly placed. Rise Up further denies that Plaintiff has sufficiently alleged numerosity under Fed. R. Civ. P. 23(a)(1). The claim that at least 50 individuals received "violative" calls is speculative,

unsupported, and lacks any factual basis. Plaintiff provides no evidence, data, or reasonable basis for this allegation. Rise Up denies that the proposed class exists to begin with, and *arguendo,* if "violative" phone calls do exist that they are so numerous that joinder would be impracticable.

29.     Paragraph 29 is a legal conclusion to which no response is required. To the extent a response is required, Rise Up denies the allegations in Paragraph 29. Rise Up specifically denies that any class exists. Further, Plaintiff's assertion that the identities and number of class members are "unknown" is an admission that Plaintiff lacks the factual basis required to satisfy Rule 23's numerosity requirement. Rise Up objects to the implication that class membership can be established solely through discovery, as this amounts to an improper fishing expedition. Rise Up further denies that the identification of class members is a "ministerial determination" and objects to any suggestion that Rise Up's records, if any, would contain the information necessary to identify class members. Any such determination would require individualized inquiries into consent, standing, and other critical issues, making class certification improper under Rule 23. Accordingly, Rise Up denies that Plaintiff has met the requirements for numerosity and denies that class certification is appropriate in this case.

**COMMON QUESTIONS OF LAW AND FACT**

30.     Paragraph 30 is a legal conclusion to which no response is required. To the extent a response is required, Rise Up denies the allegations in Paragraph 30 and specifically denies that common questions of law and fact predominate over

individualized inquiries as required under Fed. R. Civ. P. 23(b)(3). Rise Up denies that Plaintiff has identified any valid common questions capable of class-wide resolution. Rise Up denies the allegations in subparagraph (a), denies that it initiated "solicitation phone calls" to Plaintiff or any putative class members without proper consent, and denies that class members, as defined, exist. Further, Rise Up also objects to the legal conclusion embedded in this paragraph that calls to numbers registered on the National Do Not Call Registry alone establishes a violation of the TCPA or entitles any party to relief. Additionally, Rise Up objects to the term "solicitation phone calls" as vague, ambiguous, and undefined. The TCPA and its implementing regulations provide a specific definition for "telephone solicitation" under 47 C.F.R. § 64.1200(f)(15) and 47 U.S.C. § 227(a)(4), which requires that a call be made for the purpose of encouraging the purchase of goods or services. Plaintiff's use of the term "solicitation phone calls" is imprecise and overbroad, failing to distinguish between call that would constitute "telephone solicitations" and legal communications. Rise Up objects to any inference that all calls made by or on behalf of Rise Up qualify as "telephone solicitations" under the TCPA's statutory framework. Rise Up denies the allegations in subparagraph (b) and denies that it is liable for damages under the TCPA or any other law. Rise Up further objects to the assumption that liability or damages could be determined on a class-wide basis, as liability would require individualized inquiries into issues such as prior express consent, whether an established business relationship exists, standing, the purpose of each call, and

11

the specific circumstances surrounding each alleged call. Accordingly, Rise Up denies that Plaintiff will be able to satisfy the commonality or predominance requirements of Rule 23 and denies that class certification is warranted in this case.

31. Paragraph 31 is a legal conclusion to which no response is required. To the extent a response is required, Rise Up denies the allegations in Paragraph 31 and objects to Plaintiff's conclusory assertion that the common questions in this case are capable of uniform resolution. Whether Rise Up "routinely transmits telephonic sales calls without consent" is a disputed, fact-intensive determination that requires individualized analysis, including inquiries into whether a particular call was made, whether that call was actually answered by an individual, whether a "telephone solicitation" occurred—or whether consent was provided, or an established business relationship existed—and whether the Plaintiff or putative class members revoked consent. Rise Up denies that Plaintiff or any putative class members have identical claims, as TCPA claims are inherently fact-dependent and require individualized evidence regarding consent, established business relationships, call logs, and alleged damages. Rise Up further objects to the use of the phrase "telephonic sales calls," which is not a legally defined term and lacks clear meaning within the context of the TCPA or any relevant statutory or regulatory framework. In contrast, the term "telephone solicitation" is explicitly defined under the TCPA and excludes certain categories of calls, including those made with prior express consent or to persons with an established business

relationship with the caller. Additionally, because different types of calls may be subject to varying legal standards, any class-wide adjudication would require individualized inquiries into the nature and content of each alleged call. For these reasons, Rise Up denies that a class-wide adjudication of these claims would be efficient, practical, or legally appropriate under Rule 23. Accordingly, Rise Up denies that Plaintiff has satisfied the commonality or predominance requirements of Rule 23 and denies that class certification is warranted in this case.

**TYPICALITY**

32. Paragraph 32 is a legal conclusion to which no response is required. To the extent a response is required, Rise Up denies the allegations in Paragraph 32 and specifically denies that Plaintiff's claims are typical of the claims of any putative class members. Plaintiff's assertion of typicality is a legal conclusion to which no response is required; to the extent a response is deemed necessary, Rise Up denies the same. Rise Up further objects to Plaintiff's conclusory assertion that all putative class members' claims are based on the same factual and legal theories. These TCPA Do Not Call Registry claims inherently require individualized inquiries into multiple critical issues, including but not limited to: whether each alleged call was actually placed by or on behalf of Rise Up, whether prior express consent was obtained, whether consent was revoked, whether the recipient had an established business relationship with Rise Up, and whether the recipient actually answered the alleged call(s). The existence of varying factual circumstances among putative class members—such as differing call histories,

13

consent records, consent sources, interactions with Rise Up, and whether an individual answered any alleged calls—further defeats any assertion that Plaintiff's claims are typical of the proposed class. Thus, Rise Up denies that Plaintiff has satisfied the typicality requirement of Rule 23 and denies that class certification is appropriate in this case.

## <u>PROTECTING THE INTERESTS OF CLASS MEMBERS</u>

33. Rise Up denies the allegations in Paragraph 33 and specifically denies that Plaintiff is an adequate representative of any putative class. The allegation that Plaintiff will "fully and adequately assert and protect the interests of the Class" is a legal conclusion to which no response is required; to the extent a response is deemed necessary, Rise Up denies the same. Adequacy requires that a plaintiff's interests align with those of the putative class members, yet Plaintiff's claims are subject to unique defenses, including but not limited to his prior express consent, the circumstances surrounding his alleged receipt of calls, whether he answered the calls, and whether he suffered any actual harm. These unique issues create a fundamental conflict of interest that renders Plaintiff an inadequate representative. Furthermore, Plaintiff has demonstrated a pattern of litigation involving TCPA claims, raising serious concerns as to whether he is pursuing this action in the best interests of the putative class or for personal financial gain.[1]

---

[1] Plaintiff has brought the following TCPA cases as a class representative: *Farbod Hadizadeh Moghadam et al. v. Alleviate Tax, LLC*, No. 8:24-cv-01810 (C.D. Cal. Aug. 16, 2024); *Lucombe v. Direct Fairways LLC*, No. 8:24-cv-02531 (M.D. Fla. Oct. 29, 2024); *Lucombe v. Get Liquid Funding LLC*, No. 8:24-cv-02595 (M.D. Fla. Nov. 6, 2024); *Lucombe v. Prestige Family Assets Group LLC*, No. 8:24-cv-02621 (M.D. Fla. Nov. 11,

Plaintiff's litigation history and potential credibility issues further undermine his ability to serve as an adequate class representative.[2] Rise Up also objects to Plaintiff's allegation that he has retained "competent counsel" as an unsupported and self-serving statement. The adequacy of class counsel is a separate inquiry under Rule 23 and cannot be established by Plaintiff's mere assertion. Accordingly, Rise Up denies that Plaintiff satisfies the adequacy requirement under Rule 23 and denies that class certification is appropriate in this case.

**<u>SUPERIORITY</u>**

34. Rise Up denies the allegations in Paragraph 34 and specifically denies that a class action is superior to other available methods for adjudicating this lawsuit. Plaintiff's assertion that individual litigation is economically unfeasible and procedurally impracticable is conclusory, speculative, and unsupported by any factual basis. The TCPA provides statutory damages that often incentivize

---

2024); *Lucombe v. Found Money Recovery LLC*, No. 8:24-cv-02949 (M.D. Fla. Dec. 20, 2024); *Lucombe v. Top of the Map LLC*, No. 8:24-cv-02979 (M.D. Fla. Dec. 26, 2024); *Lucombe v. Regal Business Group, LLC*, No. 8:25-cv-00021 (M.D. Fla. Jan. 6, 2025); *Lucombe v. Stoyanov and Hymas Inc.*, No. 8:25-cv-00241 (M.D. Fla. Jan. 29, 2025). Plaintiff has brought the following cases on an individual basis: *Lucombe v. Straight Marketing, LLC*, No. 8:24-cv-02475 (M.D. Fla. Oct. 24, 2024); *Lucombe v. The Thomas Trio LLC*, No. 8:24-cv-02513 (M.D. Fla. Oct. 28, 2024).

[2] "To satisfy adequacy of representation, named Plaintiff must not have interests agonistic to the rest of the class, and Plaintiff's attorneys must be qualified, experienced, and generally able to conduct the proposed litigation." *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999) (citing *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987)). "The standards for adequacy of representation are that the class representatives must be represented by competent counsel and that there must be no antagonism between the interests of the class representatives and class members." *In re Alexander Grant & Co. Litig.*, 110 F.R.D. 528, 535 (S.D. Fla. 1986) (quoting *In re Activision Sec. Litig.*, 621 F. Supp. 415, 434 (N.D. Cal. 1985)).

individual claimants to pursue their own claims, including through small claims court or arbitration, both of which provide efficient and cost-effective alternatives to class litigation.[3] Plaintiff fails to establish that a class action would be a more manageable or efficient alternative given the individualized nature of TCPA claims, which require extensive inquiries into consent, revocation, call history, and alleged harm. Additionally, Plaintiff's assertion that aggregate damages are in the "millions of dollars" is purely speculative and lacks any evidentiary support—as such, Rise Up objects to this statement as well.

35.     Rise Up denies the allegations in Paragraph 35 and objects to Plaintiff's claim that separate individual actions would create a risk of inconsistent rulings or incompatible standards of conduct. Plaintiff offers no factual support for this assertion, and any concern regarding potential inconsistency is outweighed by the highly individualized nature of the claims at issue. Determining whether any particular class member received a call, whether they answered it, whether they provided prior express consent, whether consent was revoked, whether they had an established business relationship at the time of the calls, and whether they qualify as a member of the putative class requires individualized fact-finding that is not suited for class-wide adjudication. Additionally, Plaintiff ignores the fact that many TCPA claims are effectively resolved through arbitration or small claims proceedings, both of which mitigate concerns about inconsistent rulings

---

[3] Plaintiff's own litigation history demonstrates that pursuing TCPA claims individually provides sufficient incentive. *See* fn. 1 (listing Plaintiff's individual TCPA lawsuits).

while providing a more efficient avenue for relief. Rise Up further denies that Plaintiff has demonstrated that a class action is necessary or appropriate under Rule 23 and denies that class certification is warranted in this case.

**Count I**
**<u>VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)</u>**
**(On Behalf of Plaintiff and the Class)**

36. Rise Up denies the allegations in Paragraph 36 to the extent that they incorporate by reference the preceding allegations in the Complaint, including all legal conclusions, characterizations of Rise Up's conduct, and factual assertions that are inaccurate, misleading, or unsupported. Rise Up further denies that Plaintiff has properly stated a claim under the TCPA or any other applicable law.

37. Rise Up states that 47 C.F.R. § 64.1200(c) is a federal code regulation that speaks for itself and denies any characterization or interpretation of its provisions that is inconsistent with its plain language. Rise Up denies any implication that it violated this regulation and further objects to Plaintiff's reliance on conclusory assertions regarding the applicability of this provision to the alleged conduct. Rise Up specifically denies that it initiated any unlawful "telephone solicitations" as defined by the regulation and denies that Plaintiff is entitled to any relief under the TCPA.

38. Rise Up states that 47 C.F.R. § 64.1200(e) is a federal regulation that speaks for itself and denies any characterization, misinterpretation, or application of this provision that is inconsistent with its plain language. Rise Up further denies that it made any unlawful "telephone solicitations" or "telemarketing calls" to wireless

17

telephone numbers, as those terms are defined by the applicable regulations. Rise Up also objects to any implication that all calls made by or on behalf of Rise Up fall within the scope of this regulation.

39. Rise Up states that 47 U.S.C. § 227(c) is a federal statute that speaks for itself and denies any mischaracterization or incorrect interpretation of its provisions. Rise Up denies any implication that it has violated this statute or any applicable regulations promulgated thereunder. Rise Up further denies that Plaintiff has suffered any cognizable injury under 47 U.S.C. § 227(c) and denies that Plaintiff is entitled to any relief under the TCPA.

40. Rise Up denies the allegations contained in Paragraph 40. Rise Up denies that it violated 47 C.F.R. § 64.1200(c) in any manner and specifically denies that it initiated any unlawful "telephone solicitations" as defined under the TCPA or its implementing regulations. Rise Up further denies that Plaintiff or any putative class members were improperly contacted in violation of the National Do Not Call Registry provisions. Rise Up objects to Plaintiff's conclusory allegations and states that whether any particular call constituted a "telephone solicitation" within the meaning of the regulation requires a fact-specific inquiry that cannot be assumed. Rise Up further denies that class treatment of these claims is appropriate or warranted under Rule 23.

41. Rise Up denies the allegations in Paragraph 41. Rise Up specifically denies that Plaintiff or any putative class members are entitled to statutory damages under 47 U.S.C. § 227(c)(5) or any other provision of law. Rise Up further denies

that any alleged calls were made negligently, improperly, or in violation of the TCPA.

42. Rise Up denies the allegations in Paragraph 42. Rise Up specifically denies that Plaintiff or any putative class members are entitled to an award of $1,500 per call or any statutory damages under the TCPA. Rise Up further denies that any alleged violation was "knowing" or "willful" and states that Plaintiff has failed to plead any facts supporting such an assertion. Rise Up objects to Plaintiff's attempt to seek statutory damages without demonstrating that Rise Up engaged in conduct that satisfies the heightened standard for willful or knowing violations. Rise Up further denies that Plaintiff can satisfy the requirements for class certification under Rule 23 or that class-wide statutory damages would be appropriate or permissible.

## PRAYER FOR RELIEF

Rise Up denies liability and denies all allegations of the Prayer for Relief and its subsections. Rise Up hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of litigation and hereby reserves the right to amend its answer to assert any other defenses as they become known or available.

## JURY DEMAND

Rise Up hereby demands trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct

defense, in the alternative to, and without waiving, any of the other defenses which are herein or which may hereafter be pleaded. Rise Up reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. Rise Up asserts the following specific defenses:

### FIRST DEFENSE

Plaintiff's FAC fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Court lacks personal jurisdiction as to the claims of absent class members who reside outside of Florida or whose claims have no connection whatsoever to Florida. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1782 (2017).

### THIRD DEFENSE

Plaintiff's claims against Rise Up are barred, in whole or in part, because the alleged injuries were caused by acts or omissions of Plaintiff and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause and not by Rise Up.

### FOURTH DEFENSE

Rise Up did not violate the TCPA directly, and Plaintiff fails to allege a claim under any theory of vicarious liability.

### FIFTH DEFENSE

Plaintiff lacks Article III standing to bring this action because he did not

suffer an injury in-fact as a result of Rise Up's alleged conduct.

## SIXTH DEFENSE

The imposition of statutory damages under the TCPA against Rise Up would violate the due process provisions of the U.S. Constitution.

## SEVENTH DEFENSE

Plaintiff's claims are barred under the doctrines of laches and/or unclean hands.

## EIGHTH DEFENSE

To the extent that Plaintiff's claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

## NINTH DEFENSE

Plaintiff's claims are barred to the extent they are not the "called party" within the meaning of the TCPA.

## TENTH DEFENSE

Plaintiff's claims are barred, or damages reduced, to the extent that any harm or injuries were the result of, in whole or in part, the negligent or intentional acts or omissions of third parties.

## ELEVENTH DEFENSE

Rise Up is informed and believes that Plaintiff's claims are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such damages.

**TWELFTH DEFENSE**

Rise Up did not willfully or knowingly contact Plaintiff on the phone numbers at issue without prior express consent. To the extent that there was any violation of the TCPA, which Rise Up denies, Rise Up shall be liable for no more than a $500.00 penalty, as Rise Up denies that it willfully and knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

**THIRTEENTH DEFENSE**

To the extent there was any violation of the TCPA, which Rise Up denies, Rise Up shall be liable for no more than a $500.00 penalty, as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

**FOURTEENTH DEFENSE**

Rise Up's actions were proper and legal, and at all times it acted with good faith and without malice. Thus, to the extent there was any violation of the TCPA, which Rise Up denies, such violation(s) were not knowing and willful.

**FIFTEENTH DEFENSE**

To the extent there was any violation of the TCPA, which Rise Up denies, Rise Up's actions were not knowing and/or willful because any violation was unintentional and the result of a bona fide error despite the maintenance of procedures reasonably adapted to avoid such violations.

**SIXTEENTH DEFENSE**

Rise Up is informed and believes that Plaintiff has not sustained any actual injury as a result of the alleged violations of the TCPA. Plaintiff must sustain an

injury in fact for each individual call for which Plaintiff claims a violation.

## SEVENTEENTH DEFENSE

By reason of Plaintiff's inaction with respect to and/or ratification of the calls he alleges were made by Rise Up, Plaintiff is estopped from recovery herein and Plaintiff's claims against Rise Up are barred by the doctrines of waiver and/or estoppel (including res judicata, collateral estoppel, and judicial estoppel).

## EIGHTEENTH DEFENSE

Rise Up's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

## NINETEENTH DEFENSE

Application of the TCPA, as interpreted by the FCC, violates the First Amendment of the U.S. Constitution because such application relies upon content-based restrictions of protected speech. *See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

## TWENTIETH DEFENSE

The TCPA is unconstitutionally vague because the restrictions imposed by the TCPA do not give a person of ordinary intelligence adequate notice of the conduct that is prohibited. *See Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

## TWENTY-FIRST DEFENSE

Any award of punitive or statutory damages against Rise Up would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, and the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

**TWENTY-SECOND DEFENSE**

The amount of damages prescribed by the TCPA statute are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable allowing for the Court to reduce the damage award, if any. Thus, as applied in this case any award of damages should be reduced to comport with due process. *See Golan v. Veritas Entm't, LLC*, No. 4:14CV00069 ERW, 2017 U.S. Dist. LEXIS 144501, at *10 (E.D. Mo. Sept. 7, 2017) ("[t]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is 'so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable.'" (quoting *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012)).

**TWENTY-THIRD DEFENSE**

The allegations of the Complaint, and the purported causes of action alleged in the Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous and unintelligible, and fail to meet the applicable pleading requirements.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's

requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

## TWENTY-FIFTH DEFENSE

Rise Up acted in good faith in any and all interactions with Plaintiff and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff or any duty, if any, owed to Plaintiff.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject telephone calls occurred, the calls were made with the prior express consent of Plaintiff or someone acting on Plaintiff's behalf.

## TWENTY-SEVENTH DEFENSE

Rise Up reserves the right to assert arbitration.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims should be dismissed or transferred on the grounds of *forum non conveniens* because Rise Up is a California corporation and any potential witnesses and records exist in the state of California. As such, California is the appropriate forum for this matter.

## TWENTY-NINTH DEFENSE

Rise Up is without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and accordingly, Rise Up reserves the right to assert additional defenses in

the event discovery indicates that the same would be appropriate.

## COUNTERCLAIM

## Rise Up Debt Solutions, LLC v. Nigel Lucombe

## JURISDICTION

1.      Plaintiff in the present action is Nigel Lucombe ("Plaintiff"), docketed in the United States District Court for the Middle District of Florida, 8:24-cv-02454-CEH-SPF ("Action").

2.      Defendant in the Action and Counterclaimant is Rise Up Debt Solutions, LLC ("Rise Up").

3.      If the Court has subject matter over the Action, then the Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367(a) as the Counterclaim arises out of the same transaction or occurrence as Plaintiff's claim.

## FACTS

4.      Plaintiff has a history of filing multiple lawsuits under the TCPA, 47 U.S.C. § 227, against numerous businesses, including this action against Rise Up.[4]

5.      However, based upon information and belief, Plaintiff's claims against Rise Up are fraudulent and manufactured, as Plaintiff consented to receiving calls from Rise Up.

6.      Based upon information and belief, Plaintiff continues to complete "opt-in" forms consenting to receive telemarketing calls. He does this specifically

---

[4] *See* fn. 1.

in the hopes of receiving telemarketing calls so he can bring TCPA lawsuits and obtain monetary recoveries.

7. On May 4, 2024, Plaintiff visited the website https://debtreliefwarehouse.com (the "Website") and gave Rise Up and its subsidiaries and parties calling on its behalf his prior express consent to call his telephone number ending in 7705.

8. During Plaintiff's visit to the Website, Plaintiff submitted a form and submitted his personal information including his phone number ending in 7705 and his name, Nigel Lucombe.

9. The disclosure on the Website clearly states that the Website user "consents" to be called by Rise Up and its subsidiaries or third parties calling on its behalf.

10. Prior to Plaintiff receiving any calls from Rise Up, therefore, Plaintiff provided his consent to be contacted and provided his contact information ("opt-in information") requesting phone calls from Rise Up.

11. On information and belief, Plaintiff provided the opt-in information so that Plaintiff would receive calls from Rise Up so that he could claim the calls were unwanted and in violation of the TCPA, even though no other person would benefit.

12. The form on the Website also included a click-box to establish the user's consent to receive phone calls and/or text messages by automated technology or artificial or pre-recorded calls.

27

13.   The opt-in information provided Rise Up with Plaintiff's phone number ending in 7705.

14.   Having received consent and permission to contact Plaintiff, Rise Up contacted Plaintiff at the phone number ending in 7705 on or about May 10, 2024.

15.   On information and belief, this was a setup made under false pretenses.

16.   Plaintiff knew that he opted in to receive phone calls, and that Rise Up would rely on that opt in information to place phone calls to his number.

17.   On information and belief, instead of correcting the opt in information, Plaintiff intentionally failed to simply ask Rise Up to stop the phone calls and text messages he was receiving in order to drive up his settlement demand and, when extorted settlement was not forthcoming, he filed suit falsely claiming that the phone calls and text messages were unsolicited in his broader efforts to collect money under false pretenses via his TCPA claims.

18.   Rise Up reasonably relied on the fact that Plaintiff provided his consent to receive phone calls from Rise Up.

19.   Rise Up took actions based on Plaintiff's consent and fake, continued interest to including incurring costs for employee time, telemarketing services, obtaining leads, and resources.

20.   In addition, Rise Up has now been required to engage attorneys and incur costs associated with defending against Plaintiff's spurious and fraudulently induced lawsuit—all based on its reasonable reliance on Plaintiff's consent to

28

receive phone calls.

## COUNTERCLAIM COUNT I: COMMON LAW FRAUD

21. Rise Up incorporates the foregoing paragraphs as if set forth at length herein.

22. Plaintiff knowingly and intentionally made false representations by opting into telemarketing communications in order to induce calls to his telephone number.

23. Plaintiff has committed common-law fraud against Rise Up because he made material false representations to Rise Up that he knew were false and that he intended Rise Up to rely upon. Rise Up relied on those representations to its detriment and was injured as a result.

24. Specifically, Plaintiff knew or had reason to know before his filing of this suit that he affirmatively gave Rise Up consent to receive phone calls from Rise Up at his phone number ending in 7705.

25. Plaintiff intended Rise Up to rely on those representations so that Rise Up would then make calls that they reasonably believed Plaintiff had requested.

26. Plaintiff concealed his true intent to invite and then litigate against these calls.

27. Rise Up relied on Plaintiff's express consent, which directly led to Rise Up incurring financial losses due to wasted time contacting him, reputational damage, and the cost of defending litigation instigated by Plaintiff under false

pretenses.

28. Despite knowing about his or opt-in, Plaintiff continues his misrepresentations by claiming the phone calls were unsolicited in his lawsuit.

**WHEREFORE**, Rise Up respectfully demands that the Court enter judgment in its favor and against Plaintiff, together with costs, attorney's fees, disbursements, and any other relief deemed appropriate by this Honorable Court.

**PRAYER FOR RELIEF**

**WHEREFORE**, Rise Up prays for relief and judgment, as follows:

A. That the First Amended Complaint be dismissed with prejudice;

B. That judgment be rendered in favor of Rise Up against Plaintiff with respect to the Counterclaims;

C. That Plaintiff take nothing by reason of the First Amended Complaint;

D. That Rise Up be awarded its cost of the suit and reasonable attorneys' fees incurred in defense of this action to the fullest extent allowed by law; and,

E. For such other relief the Court deems just and proper.

**JURY TRIAL DEMAND**

A jury trial is demanded on all issues triable by a jury.

[SIGNATURES ON FOLLOWING PAGE]

Dated: February 20, 2025

Respectfully submitted,

TROUTMAN AMIN, LLP

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera (FBN 1034545)
Blake H. Landis, Esq. (FBN 1058506)
Eric J. Troutman (*pro hac vice*)
Puja Amin (*pro hac vice*)
Tori L. Guidry (*pro hac vice*)
1825 NW Corporate Blvd, Ste. 100
Boca Raton, Florida 33431
Telephone: 561-834-0883
jenniffer@troutmanamin.com
blake@troutmanamin.com
troutman@troutmanamin.com
amin@troutmanamin.com
tori@troutmanamin.com

*Counsel for Defendant Rise Up Debt*
*Solutions, LLC*

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 20, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera